**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| THOMAS W. TOOLIS, individually and on behalf of all others similarly situated, | : : : | Case No. 09-cv-04302 |
| | : | Honorable Robert W. Gettleman |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MICROSOFT CORPORATION, | : | |
| | : | |
| Defendant. | : | |

**BRIEF OF DEFENDANT MICROSOFT CORPORATION**
**IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Richard F. O'Malley, Jr.
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Charles B. Casper (*pro hac vice*)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
*Attorneys for Defendant Microsoft Corporation*

## <u>INDEX OF ATTACHMENTS</u>

1.  Declaration of Patrick King

2.  Microsoft Xbox 360 Limited Warranty (Exhibit A to Declaration of Patrick King)

## I.     <u>INTRODUCTION</u>

Plaintiff, Thomas Toolis, one of three attorneys in the law firm that filed this lawsuit, sues on behalf of himself and all others in the United States who allegedly sent Microsoft their Xbox 360 consoles for repair or replacement after the warranty expired, were charged $99 for post-warranty service, but received no "explanation" of the malfunction, and no detail of the "exact repairs performed."  Am. Compl. ¶¶ 10 & 17-21.  Absent from Plaintiff's Amended Complaint, however, is any allegation that Microsoft owes any duty to provide an "explanation as to the reasons for the defect or malfunction" or to "detail the exact repairs performed."  Am. Compl. ¶ 19.  For this reason alone, Plaintiff's Amended Complaint should be dismissed.

Plaintiff's Amended Complaint should be dismissed for the additional reason that he admits (1) Microsoft warranted that his Xbox 360 console would function as described in its limited warranty for one year from the date of purchase, but (2) his Xbox 360 console malfunctioned *after* the one-year warranty expired.  Plaintiff's Amended Complaint is thus premised on the theory that he had a reasonable expectation that his console would perform without any malfunction for some unspecified length of time beyond the one-year warranty.  But Plaintiff alleges nothing supporting this expectation.  That's because there is none.  Microsoft made no representations to Plaintiff about his Xbox 360 console, or the period of time it should function defect-free, beyond those in the one-year limited warranty.

With respect to Plaintiff's causes of action, his Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") claim should be dismissed because the allegations of the Amended Complaint fall far short of Rule 9(b)'s heightened pleading requirement.  In the Seventh Circuit the heightened pleading requirement of Rule 9(b) applies to ICFA claims.  Yet nowhere in Plaintiff's Amended Complaint does he allege the particulars of Microsoft's alleged fraud.  In fact, he does not even allege the specific nature of the purported defect or that the "defect"

1

caused his Xbox 360 console to malfunction. Nor does Plaintiff make any factual allegations to support his claim that Microsoft knew about the unspecified "defect" before he purchased his console.

Plaintiff's breach of implied warranty claim should be dismissed for three independent reasons. First, Microsoft limited the duration of any implied warranties to the one-year limited warranty period. Because Plaintiff admits that his Xbox 360 console malfunctioned after one year, his claim fails as a matter of law. Second, Plaintiff does not allege the necessary elements of a claim for breach of implied warranty. And third, Plaintiff does not allege that he stands in privity with Microsoft, as Illinois law requires.

Finally, Plaintiff's unjust enrichment claim should be dismissed because no such claim lies where, as here, a contract governs the relationship between the parties. Because the limited warranty establishes the parties' rights and obligations, Plaintiff's claim for unjust enrichment should be dismissed.

## II.     SUMMARY OF ALLEGED FACTS

Plaintiff alleges that he purchased an Xbox 360 console in September 2007. Am. Compl. ¶ 16. The console is an entertainment system manufactured by Microsoft and designed to play video games, CDs, and DVDs. Like all new Xbox 360 consoles sold in this country, Plaintiff's console came with a limited warranty, under which Microsoft warranted that it would function as described in the accompanying user manual for one year from the purchase date. *Id.*; *see also* Microsoft Xbox 360 Limited Warranty § A ("Limited Warranty").[1] In addition, Plaintiff alleges

---

[1] A copy of the Limited Warranty is attached as Exhibit A to the Declaration of Patrick King ("King Decl."). The Court may properly consider the Limited Warranty in light of Plaintiff's allegation that his console is covered by one. *Venture Assocs. Corp. v. Zenith Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Kutzler v. Thor Indus., Inc.*, No. 03 C 2389, 2003 WL 21654260, at *1 & n.1 (N.D. Ill. July 14, 2003).

that Microsoft agreed to provide free repair or replacement of his console if it malfunctioned within the one-year period (by September 2008).  Am. Compl. ¶ 16.

On December 22, 2008—about fifteen months after Plaintiff's purchase—the console "did not operate," and he sent it to Microsoft for repair or replacement.  Am. Compl. ¶ 17. Because the one-year warranty period had expired, Microsoft offered to repair his console for $99, and Plaintiff paid for the service.  Am. Compl. ¶ 18.

According to Plaintiff, when he received the repaired console, Microsoft provided no "explanation as to the reasons for the defect or malfunction, nor did Microsoft detail the exact repairs performed."  Am. Compl. ¶ 19.  He contacted Microsoft's "Customer Service hotline" on several occasions to "discover the reason for the Xbox 360 Game Console's malfunction or defect and the details of the repairs."  *Id.* ¶ 20.  "On all of those occasions," Plaintiff alleges, "unknown Microsoft Customer [sic] employees refused to explain the reason for the Xbox 360 Game Console's malfunction or defect and the details of the repair."  *Id.*

As a result, Plaintiff "demanded a refund of his $99.00 fee."  Am. Compl. ¶ 21.  But Plaintiff does not allege that his Xbox 360 console malfunctioned during the warranty period, that Microsoft failed to repair his Xbox 360 console, that the repaired console malfunctioned, or that Microsoft had any duty to provide "an explanation as to the reasons for the defect or malfunction" that occurred post-warranty or "detail the exact repairs performed."  *Id.* ¶ 19.

Plaintiffs' allegations fail to state a claim against Microsoft; his Amended Complaint should be dismissed under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## III.  ARGUMENT

**A.      Plaintiff's Amended Complaint Should Be Dismissed Because He Does Not Allege That Microsoft Had a Duty to Inform Him of the Reason for His Console's Malfunction or the Repairs Microsoft Performed.**

Plaintiff sues on behalf of himself and "all persons and entities who purchased an Xbox 360 Game Console, sent it to Microsoft for repairs or replacement after the warranty had expired, and were charged $99.00 for post-warranty repairs or replacement *with no explanation as to the defect, malfunction, or repairs.*"  Am. Compl. ¶ 10 (emphasis added); *see also id.* ¶¶ 18-21. There is no allegation that Microsoft had a duty to provide him with an "explanation as to the defect, malfunction, or repairs," or to "detail the exact repairs performed."  *Id.* ¶¶ 10, 19.

Illinois courts routinely dismiss complaints when no legal duty supports the claim.  For example, in *Sarelas v. Illinois Bell Tel. Co.*, 42 Ill. App. 2d 372, 373-74 (1st Dist. 1963), a telephone subscriber brought a tort claim after his phone was disconnected for two and one-half hours, alleging a "legal duty" to provide telephone service.  *Id.*  The telephone company moved to dismiss, asserting that it owed no duty to the subscriber apart from a tariff under which there was no liability for temporary service interruptions.  The trial court agreed and dismissed plaintiff's complaint with prejudice.  The Appellate Court affirmed, because the plaintiff failed to allege any legal duty beyond those set forth in the tariff.  *Id.*; *Cullotta v. Cullotta*, 287 Ill. App. 3d 967, 973 (1st Dist. 1997) ("The existence of a legally recognized duty is a prerequisite to the very existence of a cause of action.").

Here, Plaintiff alleges that his Xbox 360 console malfunctioned after the one-year Limited Warranty expired.  Am. Compl. ¶¶ 16-17.  The warranty provides that "[a]fter the Warranty Period has expired, Microsoft may charge you a fee for its efforts to diagnose and service any Xbox Product-related problems."  King Decl. Ex. A at § C.  Nothing in the Limited Warranty obligates Microsoft to "send an explanation as to the reasons for the defect or malfunction."  Am. Compl. ¶ 19.  Nor does anything obligate Microsoft to "detail the exact

repairs performed." *Id.* Indeed, Plaintiff does not even allege the existence of such a duty. His Amended Complaint should be dismissed.

### B. Plaintiff's Amended Complaint Should Be Dismissed Because He Does Not Allege that Microsoft Failed to Disclose a Material Fact.

Under Illinois law, an omission-based consumer protection claim, such as the one Plaintiff asserts, requires him to allege the omission of a material fact. *Bettua v. Sears, Roebuck and Co.*, No. 08 C 1832, 2009 WL 230573, at *2 (N.D. Ill. Jan. 30, 2009). A material fact is one which a buyer would be expected to rely on in deciding to purchase a particular product. *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 508-09 (1st Dist. 2005) (citing *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 505 (1996)).

Courts have repeatedly held that there is no duty to disclose that a product might malfunction after the expiration of a warranty. The reason is that a limited warranty is just that: limited. A reasonable consumer has no expectation that a product lasts forever. "Case law uniformly holds that time-limited warranties do not protect buyers against defects that existed before but are not discovered until after the expiration of the warranty period." *Karpowicz v. General Motors Corp.*, No. 97 C 1390, 1998 WL 142417, at *4 (N.D. Ill. Mar. 26, 1998) (citing *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 993 (1st Cir. 1992)).

For example, "the Second Circuit has said that 'virtually all product failures discovered … after expiration of the warranty can be attributed to a latent defect that existed at the time of sale or during the term of the warranty.'" *Id*. (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986); citing *Tokar v. Crestwood Imps., Inc.*, 177 Ill. App. 3d 422 (1st Dist. 1988)). In addition, the *Karpowicz* court quoted from the First Circuit's opinion in *Canal*, 973 F.2d at 993: "[T]o insist upon liability for unobserved defects ... would extend a warranty's life well beyond its specified time period, eroding its intended liability-

limiting language." *Karpowicz*, 1998 WL 142417, at *4; *see also Evitts*, 359 Ill. App. 3d at 511 ("Illinois law holds that express warranties of limited duration cover only defects that become apparent during the warranty period.").

Courts in the Northern District of Illinois do not hesitate to dismiss consumer protection claims that arise post-warranty. In *Trujillo v. Apple Computer, Inc.*, 581 F. Supp. 2d 935 (N.D. Ill. 2008), for example, the plaintiff purchased an iPhone and brought a putative class action against Apple under the ICFA. He alleged that Apple imposed a hidden, mandatory fee for replacement of the iPhone's battery after Apple's standard one-year warranty expired. Apple disclosed on the product's packaging that the battery may "eventually" need to be replaced "[b]y an Apple service provider." *Id.* at 938. The court held that Apple did not deceive consumers because there was no statement that battery replacement would be free of charge after the warranty expired. "[T]he iPhone had only a one-year warranty. No reasonable consumer aware of this information would think that the replacement would be forever free of charge." *Id.*

Numerous other courts have dismissed consumer protection claims where an allegedly defective product malfunctions after the warranty expires. In *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008), for example, plaintiff claimed DaimlerChrysler deceived consumers by selling cars with defective head gaskets. The district court granted summary judgment on plaintiff's claims under California's Unfair Competition Law ("UCL"), due to insufficient evidence of fraudulent concealment. *Id.* at 1021.

On appeal, the Ninth Circuit began by holding that "to be actionable under [the UCL], a concealed fact must be material in the sense that it is likely to deceive a reasonable consumer." *Clemens*, 534 F.3d at 1025 (emphasis added). The court explained that in *Bardin v. DaimlerChrysler Corp.*, 39 Cal. Rptr. 3d 634, 647 (Cal. Ct. App. 2006), and *Daugherty v. Am.*

*Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 129 (Cal. Ct. App. 2006), the California Court of Appeal made clear that in post-warranty defect cases, reasonable consumers are not deceived where the "only expectation buyers could have had about" a product "was that it would function properly for the length" of the manufacturer's express warranty. *Clemens*, 534 F.3d at 1026 (quotation omitted). Applying the reasoning of *Bardin* and *Daugherty*, the Ninth Circuit affirmed summary judgment because the plaintiff offered nothing to "suggest that a reasonable consumer would have expected or assumed any particular head gasket lifespan in excess of the warranty period." *Id.*

Earlier this year, the Ninth Circuit made clear that to state a consumer protection claim for failing to disclose a defect that caused a product failure after the warranty period, either the manufacturer must have made an affirmative misrepresentation or there must have been a safety issue. *See Oestreicher v. Alienware Corp.*, Nos. 07-16531, 08-16290, 2009 WL 902341, at *3 (9th Cir. Apr. 2, 2009) ("[A] manufacturer's duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue"); *Long v. Hewlett-Packard Co.*, No. 07-16440, 2009 WL 530082, at *1 (9th Cir. Mar. 3, 2009) (where the computer malfunctioned after the one-year warranty expired, "HP owed Plaintiffs no independent duty to disclose information about the elevated failure rate of the laptops, absent a special relationship or affirmative representations").[2]

---

[2] Other courts have also dismissed post-warranty consumer protection claims. *See Wilson v. Hewlett-Packard Co.*, No. C-09-2253, 2009 WL 3021240, at *1 (N.D. Cal. Sept. 17, 2009) (dismissing claim under California's Consumers Legal Remedies Act where an allegedly defective laptop malfunctioned after the expiration of Hewlett-Packard's standard two-year warranty); *Berenblat v. Apple, Inc.*, Nos. 08-4969, 09-1649, 2009 WL 2591366, at *5 (N.D. Cal. Aug. 21, 2009) (dismissing claim under California's Unfair Competition Law that Apple knowingly sold computers with allegedly defective memory slots, where "the defect did not manifest itself until after the expiration of the express warranty"); *Hovespian v. Apple, Inc.*, Nos. 08-5788, 09-1064, 2009 WL 2591445, at *4 (N.D. Cal. Aug. 21, 2009) (dismissing claim under California's Unfair Competition Law that Apple knowingly sold computers with allegedly defective display screens, where "the display screens did operate properly during the one-year express warranty period"); *Duffy v. Samsung Elecs. Am., Inc.*, No. CIV. 06-5259, 2007 WL 703197, at *8 (D.N.J. Mar. 2, 2007) (dismissing claim under New Jersey Consumer Fraud Act where "Plaintiff's microwave continued to perform beyond the [warranty] period"); *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1004-05 (N.J. Super. Ct.

7

Here, the Court should dismiss Plaintiff's Amended Complaint because he does not allege that Microsoft failed to disclose a material fact. Plaintiff admits that his Xbox 360 console was covered by a one-year Limited Warranty. Am. Compl. ¶ 16. Plaintiff points to no Illinois law—because there is none—that required Microsoft to disclose that his Xbox 360 might malfunction after the one-year warranty expired. In fact, the Limited Warranty *expressly contemplates* that the console might malfunction after the warranty expires: "As to any defects discovered after the Warranty Period," Microsoft makes clear that "there is no warranty or condition of any kind." King Decl. Ex. A at § A.

C.      <strong>Plaintiff's Illinois Consumer Fraud Act Claim Should Be Dismissed Because He Fails to Plead It With the Particularity Rule 9(b) Requires.</strong>

The Seventh Circuit applies the heightened pleading requirement of Rule 9(b) to claims under the ICFA. *See Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) ("[A] complaint made pursuant to the [Illinois Consumer Fraud Act] 'must be pled with the same specificity as that required under common law fraud.'") (quoting *Elson v. State Farm Fire & Cas. Co.*, 295 Ill. App. 3d 1, 14 (1st Dist. 1998)).

To satisfy Rule 9(b), a plaintiff must, at a minimum, specify the "time, place, and content" of the alleged misrepresentation or omission. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Plaintiff "must allege who, what, when, where and how" the alleged fraud occurred. *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Specificity informs a defendant of the precise misconduct with which it is charged so the defendant may respond to the charges and not merely deny them. *Elliott Graphics, Inc. v. Stein*, 660 F. Supp. 378, 380 (N.D. Ill. 1987).

---

App. Div. 2006) (affirming dismissal of vehicle owner's claim under New Jersey's Consumer Fraud Act where car did not malfunction within the warranty period).

In *Bettua*, for example, plaintiffs brought a putative class action arising from alleged defects in washing machines, claiming that Sears knowingly concealed a material defect in violation of various consumer protection statutes. 2009 WL 230573, at *2. Plaintiffs' allegations went far beyond the scope of those presently before this Court—including that the "Machines had a heightened risk of failure; that the water drainage defects render the Machines ineffective for their intended purpose; that consumer complaints attributable to these defects were significant; that failures were likely to manifest after the expiration of warranty such that consumers were without a remedy." *Id.* at *3. The court nonetheless held that plaintiffs "fail to identify a specific point at which the defendant clearly knew of the defect yet conveyed an opposite message to plaintiffs, and fail to provide an engineering explanation for the alleged defect." *Id.* The court therefore dismissed the plaintiffs' consumer fraud claims under Rule 9(b), holding that their allegations were "insufficiently specific to show a deceptive practice or permit an inference of materiality." *Id.*

And in *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 2009 WL 902341 (9th Cir. Apr. 2, 2009), the plaintiff computer purchaser made allegations similar to those Plaintiff makes here. Plaintiff alleged that (1) defendant concealed a design defect, (2) defendant had a duty to disclose the defect, (3) plaintiff would not have bought the computer had he known of the alleged defect, and (4) he suffered harm, namely, an inoperable computer. *Id.* at 974. Based on these allegations, the district court held that the plaintiff's consumer protection claim failed to meet the heightened pleading requirements of Rule 9(b). *Id.* As the court stated, "allegations of this nature … could be made about any alleged design defect in any manufactured product. The heightened pleading requirements of Rule 9(b) were designed to avoid exactly this situation." *Id.*; *see also Meserole v. Sony Corp. of Am., Inc.*, No. 08-cv-

9

8987, 2009 WL 1403933, at *3-*4 (S.D.N.Y. May 19, 2009) (dismissing consumer protection claim where plaintiffs failed to set forth "particularized allegations evincing that Sony knew about the alleged defect prior to distributing the products."); *Wilson*, 2009 WL 3021240, at *2 (dismissing consumer protection claim where plaintiff failed to set forth "supporting allegations regarding how each statute was violated").

Here, Plaintiff's consumer protection claim fails for the same reasons. Plaintiff alleges in conclusory fashion that (1) his console contained an unspecified defect, (2) Microsoft knew about it, (3) he would not have purchased his console had he known of the defect, and (4) he suffered harm, namely a console that malfunctioned after the warranty expired. As in *Bettua* and *Oestreicher*, Plaintiff makes no factual allegations about the nature of the alleged defect—let alone an "engineering explanation" for it. *Bettua*, 2009 WL 230573, at *3.

While Plaintiff's Amended Complaint adds an allegation that an "Internet search for the terms 'Red Ring of Death' and 'Xbox defects' conjures a myriad of results relating to the Xbox 360 Game Console's inability to perform as expected," Am. Compl. ¶ 27, Plaintiff alleges nothing about the specific nature of these supposed defects. Nor does Plaintiff allege that *his* Xbox 360 console had the so-called "Red Ring of Death" or any other purported defect he claims to have discovered in his "Internet search." In fact, Plaintiff does not allege that his console stopped operating as a result of any of these unspecified "defects."[3]

---

[3] Although Plaintiff's fraud-based omission claim is governed by Rule 9(b), his allegations are so bare and conclusory that the Amended Complaint should also be dismissed under *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). "A claim has facial plausibility," the Court explained, "when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (emphasis added). Plaintiff's Amended Complaint fails to satisfy *Twombly* and *Iqbal* because his bare allegation that his console stopped working after his warranty expired does not raise, above the "speculative level," his allegation that the Xbox 360 contained a defect or that Microsoft would be liable if it did. *Twombly*, 127 S. Ct. at 1965.

Under Rule 9(b), Plaintiff is required to provide sufficient information to enable Microsoft to defend the charges brought against it without simply denying them.  This he has not done.  Plaintiff's consumer protection claim should be dismissed.

### D. Plaintiff's Amended Complaint Fails to State a Breach of Implied Warranty Claim.

Plaintiff's breach of implied warranty claim should be dismissed for three independent reasons.

First, Plaintiff's claim should be dismissed because he admits that his Xbox 360 console malfunctioned after the one-year limited warranty expired.  Illinois law provides that time-limited implied warranties do not protect buyers against defects that allegedly existed before, but do not manifest until after, the expiration of the warranty period.  *See Sampler v. City Chevrolet Buick Geo, Inc*., 10 F. Supp. 2d 934, 941 (N.D. Ill. 1998) ("A buyer may not bring an action for breach of an express or implied warranty based on defects which become evident after the expiration of those warranties."); *Tague v. Autobarn Motors, Ltd*., No. 1-07-1220, 2009 WL 2778343, at *6 (Ill. App. 1st Dist. Sept. 1, 2009) (holding "that the trial court correctly granted Ford's motion to dismiss the plaintiff's implied warranty of merchantability claim" because the warranty was expired "at the time of the vehicle's engine failure.").[4]

Here, the Limited Warranty provides that "an implied warranty … is hereby limited to the duration of the Warranty Period," *i.e.*, one year, King Decl. Ex. A at § A, requiring dismissal of Plaintiff's claim.[5]

---

[4] "A disclaimer limiting the duration of an implied warranty to the duration of the written warranty is permitted" under Illinois law "if the limitation is set forth in clear language and appropriately displayed in the contract." *Norman v. Ford Motor Co.*, 160 Ill. App. 3d 1037, 1041 (1st Dist. 1987) (citing 810 ILCS § 2-316 and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2308).

[5] *See also Norman*, 160 Ill. App. 3d at 1041 (holding that "any implied or express warranties available to plaintiffs expired when the automobile was 12 months old or had been driven 12,000 miles, whichever occurred first.  […] Therefore, plaintiffs were precluded from asserting a cause of action for breach of warranty against defendants.");

Second, Plaintiff fails to allege the required elements of an implied warranty claim. Federal Rule of Civil Procedure 8 requires Plaintiff to provide a "short and plain statement of the claim showing that [he] is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964.

Here, Plaintiff does not specify whether he brings an action for implied warranty of merchantability under 810 ILCS § 5/2-314, implied warranty of fitness for a particular purpose under 810 ILCS § 5/2-315, or both. Rather, Plaintiff conflates the two separate claims, alleging only that the purported failure of the console to operate "constitutes a breach of the implied warranty of merchantability for a particular use or purpose." Am. Compl. ¶ 57. Plaintiff must provide Microsoft "fair notice of what the … claim is." *Twombly*, 127 S.Ct. at 1964 (relying on Fed. R. Civ. P. 8(a)(2)). He has not done so. Accordingly, the Court should dismiss his implied warranty claim. *See, e.g.*, *Duffee v. Murray Ohio Mfg. Co.*, 866 F. Supp. 1321, 1323 (D. Kan. 1994) (dismissing plaintiff's breach of implied warranty claim where he "confuse[d] the warranty of merchantability … with the warranty of fitness for the particular purpose.").

In any event, Plaintiff's allegations are insufficient to state a claim under either section. To state a claim for breach of implied warranty of fitness for a particular purpose, plaintiffs must allege that "(1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; and (3) the seller knew of the buyer's reliance on its skill and judgment." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 746 (N.D. Ill. 1999) (relying on 810 ILCS § 5/2-315). "For such a warranty to exist, the goods must be for a purpose *other than their*

---

*Tokar* 177 Ill. App. 3d at 432 ("[P]laintiff cannot base an action for breach of express and implied warranties limited to one year after purchase on defects manifesting themselves after that period.").

*ordinary use*." *Id.* (emphasis added). Here, Plaintiff's complaint alleges *none* of the required elements of an implied warranty of fitness claim, let alone that Plaintiff purchased his Xbox 360 console for a reason other than its ordinary use. *See* Am. Compl. ¶¶ 48-61.

Plaintiff also fails to allege the elements of a claim for breach of the implied warranty of merchantability. "To state a claim for breach of implied warranty of merchantability, plaintiffs must allege that (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect. To be merchantable, the goods must be, among other things, fit for the ordinary purpose for which the goods are used." *Indus. Hard Chrome*, 64 F. Supp. 2d at 748 (relying on 810 ILCS § 5/2-314).

The court in *Industrial Hard Chrome* dismissed plaintiffs' merchantability claim because "plaintiffs have failed to allege what the Cell's 'ordinary purpose' is or how it is unfit." *Id.* The court stressed that "conclusory allegations" regarding an allegedly defective product's "merchantability and fitness are not sufficient to state a claim for breach of implied warranty of merchantability absent some factual support." *Id.* Here, Plaintiff's Amended Complaint suffers from the same deficiencies. Plaintiff does not describe the nature of the alleged defect or how his game console is purportedly unfit for its ordinary purpose. Nor does he plead, as he must, that his console was defective when he purchased it. In short, Plaintiff alleges no grounds upon which any implied warranty claim rests, a fatal omission.

Third, Plaintiff's implied warranty claim should be dismissed because he fails to allege that he stands in privity with Microsoft. Under Illinois law, "implied warranties give a buyer of goods a potential cause of action only against the *immediate seller* with which it has privity." *Forbes, Inc. v. Reliance Indus. Elec. Co*., No. 95 C 4891, 1996 WL 650614, at *2 (N.D. Ill. Nov.

13

7, 1996) (emphasis added) (relying on *Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 291-95 (1986)). Although the Limited Warranty is a contract that runs from Microsoft to Plaintiff, Illinois courts have made clear that a breach of implied warranty claim may only be brought against the person from whom the plaintiff directly purchased the product.

In *Lantz v. Am. Honda Motor Co., Inc.*, No. 06 C 5932, 2007 WL 1424614 (N.D. Ill. May 14, 2007), for example, plaintiffs sued Honda for breach of implied warranty alleging that their Honda motorcycles contained a design defect. *Id.* at *1. Although plaintiffs' motorcycles came with a warranty that extended from Honda to them, the court dismissed their implied warranty claim because they failed to allege facts establishing privity with Honda. *Id.* at *11; *see also Forbes*, 1996 WL 650614 at *2 (dismissing implied warranty claim where plaintiff failed to establish he was in privity with the manufacturer of allegedly defective equipment). The same result applies here. Privity is a prerequisite that must be pled, and Plaintiff fails to allege that he purchased his console directly from Microsoft instead of a retailer.

## E.     Plaintiff's Amended Complaint Fails to State an Unjust Enrichment Claim.

It is well-settled that "a claim of unjust enrichment cannot survive where there is an express contract governing the parties' relationship." *Thycon Const., Inc. v. Nat'l Equip. Servs., Inc.*, No. 08 C 824, 2009 WL 723040, at *2 (N.D. Ill. Mar. 2, 2009); *see also Keck Garrett & Assocs., Inc., v. Nextel Commc'ns, Inc.*, 517 F.3d 476, 487 (7th Cir. 2008) (same); *La Throp v. Bell Fed. Sav. & Loan Ass'n*, 370 N.E.2d 188, 195 (Ill. 1977) ("[W]here there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.").

In *In re General Motors Corp.*, 385 F. Supp. 2d 1172, 1176 (W.D. Okla. Aug. 8, 2005), an automobile owner brought a class action against General Motors premised on an alleged

defect in certain car and truck engines that General Motors designed and manufactured. In dismissing plaintiff's claim for unjust enrichment, the court stated that "the complaint alleges the existence of the warranty. The available contractual remedy precludes the plaintiff's unjust enrichment claim, which will be dismissed." *Id.*

Here, the same result applies. Plaintiff's unjust enrichment claim fails because an express contract, *i.e.*, the Xbox 360 Limited Warranty, controls the relationship between Plaintiff and Microsoft. *See Evitts*, 834 N.E.2d at 950 ("Because express warranties are contractual in nature, the language of the warranty itself controls and dictates the rights and obligations of the parties to it."). The Limited Warranty specifies what remedies Microsoft will provide Plaintiff and for how long. Because an actual contract exists, Plaintiff may not assert a quasi-contract claim. His unjust enrichment claim should be dismissed with prejudice.

## IV.  CONCLUSION

Microsoft respectfully requests that the Court grant its motion to dismiss under Rule 12(b)(6) and Rule 9(b), and dismiss Plaintiff's Amended Complaint with prejudice.


Respectfully submitted,


/s/ Richard F. O'Malley, Jr.
Richard F. O'Malley, Jr.
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7112

Charles B. Casper (*pro hac vice*)
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500
*Attorneys for Defendant Microsoft Corporation*

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

THOMAS W. TOOLIS, individually and on behalf :     Case No. 09-cv-04302
of all others similarly situated,

      Plaintiff,       :

v.       :

MICROSOFT CORPORATION,       :

      Defendant.       :

## DECLARATION OF PATRICK KING IN SUPPORT OF
## MICROSOFT CORPORATION'S MOTION TO DISMISS

I, Patrick King, hereby declare as follows:

1.      I am over the age of eighteen. I have personal knowledge of the matters set forth herein and if called upon to testify thereto I could and would do so.

2.      I am an Xbox User Assistance Writing Lead for Microsoft Corporation ("Microsoft"). I have held this position since 2000. In this capacity I write content for Xbox 360 instruction manuals, including the limited warranties contained in the manuals, content for Xbox.com Web pages, and text for the Xbox 360 user interface. I also manage other writers and editors who produce this work. Before this, I was a programmer/writer for Microsoft's SQL Server Software Development Kit. I am familiar with Microsoft's Limited Warranty for the Xbox 360 console.

3.      Microsoft produces and sells the Xbox 360 console, which was first released to the general public in the United States for purchase on November 22, 2005.

4.      The Xbox 360 console is the successor to Microsoft's original Xbox video gaming console.

5.     It is my understanding that the plaintiff in this action, Thomas W. Toolis, alleges that he purchased an Xbox 360 console in September 2007.

6.     Xbox 360 consoles purchased in September 2007 are covered by a Limited Warranty. A true and correct copy of the Limited Warranty in effect in September 2007 is attached hereto as Exhibit A.

7.     The Limited Warranty provides, in Section H, that "This Limited Warranty is valid only in the United States of America and Canada. If you acquired the Xbox Product in the United States, the laws of the State of Washington, U.S.A., will apply to this Limited Warranty. The laws of your state of residence will apply to any tort claims and/or any claims under any consumer protection statutes."

I declare under penalty of perjury that the foregoing is true and correct. Executed on

August 28, 2009.

Patrick King
Patrick King

# EXHIBIT A

United States     International

Forums | Sign in

Search Xbox Support

Xbox 360          Games          Accessories          Xbox Live          Community          Support

Change Your Console:



Xbox 360     NXE          Hardware     Warranty     Warranty

**Console**

**Accessories**

**Manuals**

**Warranty**

   **Warranty**

   **Post Service Warranty**

**Console Specifications**

**Healthy Gaming Guide**

**Family Settings**

**Glossary**

**Console Management**
   Register a Console
   Repair Your Console
   Check Repair Status

# Product Warranty: Xbox 360 Video Game and Entertainment System (New)

Print this page

Rate this page

PLEASE READ THIS LIMITED WARRANTY CAREFULLY TO UNDERSTAND YOUR RIGHTS AND OBLIGATIONS! YOU MUST ACCEPT THE TERMS AND CONDITIONS OF THE LIMITED WARRANTY, INCLUDING THE SOFTWARE LICENSE IN SECTION G BELOW, TO USE YOUR XBOX 360. IF YOU DO NOT ACCEPT THESE TERMS AND CONDITIONS, DO NOT SET UP OR USE YOUR XBOX 360; INSTEAD, RETURN IT TO MICROSOFT FOR A REFUND OF THE PRICE YOU PAID, TAX AND SHIPPING CHARGES.

## LIMITED WARRANTY

The term "Xbox Product" means, depending on the context below, either: (i) the Microsoft Xbox 360 Video Game System console including (when considered as a whole) the Microsoft software stored on the separate Xbox 360 hard disk and/or embedded in microprocessors within the Xbox 360 console ("Console"), or (ii) Microsoft branded Xbox 360-compatible hardware accessories manufactured by or for Microsoft, whether included with the Console or purchased separately ("Accessories"). The term "Warranty Period" means: (i) as applied to the Console, a period of one year (three years for conditions that cause three lights on the ring of light on the front of the Console to flash red) starting as of the date of your sales receipt for the purchase of the Console, or (ii) as applied to an Accessory, a period of 90 days starting as of the date of your sales receipt for the purchase of the Accessory (unless a separate written express warranty is packaged with the particular Accessory).

This Limited Warranty does not apply to Consoles or Accessories sold as used, refurbished, or reconditioned.

### A. WARRANTIES

**One Year Express Warranty on Console (Three Years for Three Lights Flashing Red).**
Subject to the terms and conditions of this Limited Warranty, Microsoft warrants to you only (the original retail purchaser) that, during the Warranty Period and under normal use and service, the Xbox Console will substantially conform with the printed user instruction materials packaged with the Console.

**90 Day Express Warranty on Accessories.**
Subject to the terms and conditions of this Limited Warranty, Microsoft warrants to you only (the original retail purchaser) that, during the Warranty Period and under normal use and service, the Accessory will substantially conform with the printed user instruction materials packaged with the Console or Accessory (unless a separate written express warranty is packaged with the particular Accessory).

**Implied Warranty.**
You may also have an implied warranty and/or condition under the laws of some jurisdictions, which is hereby limited to the duration of the Warranty Period. Some jurisdictions do not allow limitations on how long an implied warranty or condition lasts, so the foregoing limitation may not apply to you.

As to any defects discovered after the Warranty Period, there is no warranty or condition of any kind.

### B. OBTAINING WARRANTY SERVICE

**To receive instructions for obtaining repair or replacement warranty services you must call:**

Within the U.S., U.S. Territories and Canada: 1-800-4MY-XBOX (1-800-469-9269); TTY users: 1-866-740-XBOX (1-866-740-9269).

**You must also:**

1. Submit proof of purchase in the form of a bona fide, dated bill of sale, receipt, or invoice (or a copy) evidencing that your request for service is made within the Warranty Period.

2. Follow Microsoft's shipping and other instructions if it determines that all or part of your Xbox Product requires return for repair or replacement. To obtain the warranty service, you must take or deliver the Xbox Product in suitable packaging that provides an adequate degree of protection against damage during transit, to the location specified by Microsoft. Except as otherwise required by legislation in your jurisdiction, costs associated with transport (including packaging) for warranty service shall be at your expense.

3. Delete or remove any files or data you consider private or confidential before sending the Xbox Product to Microsoft. Copy and keep any files or data stored on the Xbox Product that you don't want to lose.

**Failure to follow the above instructions may result in delays, cause you to incur additional charges, or void your warranty.**

### C. EXCLUSIVE REMEDY

During the Warranty Period and subject to applicable law, Microsoft will, at its option and as your exclusive remedy for breach of this Limited Warranty or any implied warranties:

Repair or replace a defective Xbox Product, or

Following return of your Xbox Product, make payment to you for the allowable damages that you incur in reasonable reliance but only up to the amount of the purchase price that you paid for your Xbox Product. This refund may include a deduction for depreciation based on your actual use.

Any replacement parts or Xbox Product will be new or refurbished or serviceably used, comparable in function and performance to the original part or Xbox Product and warranted for the remainder of the original Warranty Period or 30 days from the date of shipment of the Xbox Product back to you, whichever is longer.

**YOU AGREE THAT MICROSOFT IS NOT LIABLE TO YOU FOR ANY LOSS OF YOUR DATA RESULTING FROM MICROSOFT'S REPAIR OR REPLACEMENT OF YOUR XBOX PRODUCT.**

After the Warranty Period has expired, Microsoft may charge you a fee for its efforts to diagnose and service any Xbox Product-related problems.

Microsoft will use commercially reasonable efforts to diagnose and attempt to correct, or suggest solutions for, Xbox Product defects that are covered by this Limited Warranty.

**MICROSOFT DOES NOT PROVIDE ANY WARRANTIES REGARDING ITS WARRANTY SERVICES AND, EXCEPT FOR THE PRECEDING SENTENCE, DISCLAIMS ALL DUTIES (IF ANY) OF WORKMANLIKE EFFORT OR OF REASONABLE CARE.**

### D. NO OTHER WARRANTIES

The express warranty stated in Section A above is the only express warranty made to you and is provided in lieu of all other express or implied warranties and conditions (if any) including any created by any other statements, documentation or packaging. No other warranties or conditions are made with respect to the Xbox Product or the warranty services by any person, including but not limited to Microsoft and its suppliers.

**No other information (oral or written) or suggestions given by Microsoft, its agents or suppliers or its or their employees, shall create a warranty or condition or expand the scope of this Limited Warranty.**

Also, there is no warranty or condition of title, quiet enjoyment, or non-infringement in the Xbox Product. You may have greater rights existing under legislation in your jurisdiction. Where any term of this Limited Warranty is prohibited by such laws, it shall be null and void, but the remainder of the Limited Warranty shall remain in full force and effect.

### E. EXCLUSIONS FROM LIMITED WARRANTY

This Limited Warranty shall not apply and Microsoft has no liability under this Limited Warranty if the Xbox Product:

is used with products not sold or licensed by Microsoft (including, but not limited to, non-licensed games and game enhancement devices, adaptors and power supply sources) or which are otherwise incompatible;

is used for commercial purposes (including rental or lease);

is modified or tampered with;

is damaged by Acts of God, power surge, misuse, abuse, negligence, accident, wear and tear, mishandling, misapplication, or other causes unrelated to defective materials or workmanship;

serial number is defaced, altered or removed;

is damaged by programs, data, viruses, or files, or during shipments;

is not used in accordance with the printed user instruction materials packaged with the Xbox Product;

is repaired, modified or altered by other than Microsoft authorized repair centers; or

was sold as used, refurbished, or reconditioned.

This Limited Warranty does not cover your data, any separate software or Xbox games whether or not packaged or included with the Xbox Product, or any accessories or peripheral devices that are not manufactured by or for Microsoft.

## F. EXCLUSION OF CONSEQUENTIAL, INCIDENTAL AND CERTAIN OTHER DAMAGES and LIMITATION OF LIABILITY

TO THE FULL EXTENT ALLOWED BY LAW, MICROSOFT IS NOT LIABLE FOR ANY:

(i) CONSEQUENTIAL OR INCIDENTAL DAMAGES;

(ii) DAMAGES OR LOSS OF ANY NATURE WHATSOEVER RELATING TO LOST PROFITS, LOSS OF DATA OR PRIVACY OR CONFIDENTIALITY, ANY INABILITY TO USE ALL OR PART OF THE XBOX PRODUCT, PERSONAL INJURY, OR ANY FAILURE TO MEET ANY DUTY (INCLUDING BUT NOT LIMITED TO ANY DUTY OF REASONABLE CARE OR OF WORKMANLIKE EFFORT); OR

(iii) INDIRECT, SPECIAL, OR PUNITIVE DAMAGES ARISING OUT OF RELATING IN ANY WAY TO THE XBOX PRODUCT. THE FOREGOING APPLIES EVEN IF MICROSOFT OR ANY SUPPLIER OR AGENT HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH LOSSES OR DAMAGES; EVEN IN THE EVENT OF FAULT, TORT (INCLUDING NEGLIGENCE), STRICT OR PRODUCT LIABILITY, MISREPRESENTATION OR OTHER REASON; AND EVEN IF ANY REMEDY FAILS OF ITS ESSENTIAL PURPOSE.

Some jurisdictions do not allow the exclusion or limitation of such damages, so the above limitations or exclusions may not apply to you.

## G. ADDITIONAL CONDITIONS

The software included in the Xbox Product is licensed to you, not sold. You are licensed to use such software only in your Xbox Product and you may not reverse engineer it, except as expressly permitted by applicable law notwithstanding this limitation.

Your Xbox Product and its internal components are new pursuant to industry standards, unless otherwise indicated on the Xbox Product retail packaging as "Refurbished."

You agree to comply with all applicable export laws and regulations if you export the Xbox Product outside of the United States or Canada.

This Limited Warranty applies to the original retail purchaser only and may not be assigned or transferred. However, some jurisdictions extend the protection of implied warranties to subsequent consumers and therefore this limitation may not apply to you.

Attempting to defeat or circumvent the Xbox Product security or anti-piracy protection system may cause your Xbox Product to stop working permanently. It will also void your Limited Warranty, and may make your Xbox Product ineligible for authorized repair, even for a fee.

## H. GOVERNING LAW

This Limited Warranty is valid only in the United States of America and Canada. If you acquired the Xbox Product in the United States, the laws of the State of Washington, U.S.A., will apply to this Limited Warranty. The laws of your state of residence will apply to any tort claims and/or any claims under any consumer protection statutes.

If you acquired the Xbox Product in Canada, except where expressly prohibited by local law, the laws in force in the Province of Ontario, Canada, will apply.

## I. QUESTIONS?

Within the U.S. and U.S. Territories, please see www.xbox.com or call the Xbox Customer Support number: 1-800-4MY-XBOX (1-800-469-9269); TTY users: 1-866-740-XBOX (1-866-740-9269).

This Limited Warranty gives you specific legal rights, and you may also have other rights which vary from jurisdiction to jurisdiction.



Microsoft Game Studios  |  Jobs  |  Forums  |  Developers  |  Xbox Gear Store  |  Newsletter  |  Feedback

©2009 Microsoft Corporation  Privacy Statement   Trademarks   Xbox.com   Terms of Use   Code of Conduct