IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| THOMAS W. TOOLIS, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) | Civil Action No: 09-cv-4302 |
| ) | |
| v. ) ) | JURY TRIAL DEMANDED |
| MICROSOFT CORPORATION, ) ) | |
| Defendant. ) | |

## MOTION TO VACATE DISMISSAL AND REQUEST FOR RELIEF UNDER RULE 60

Plaintiff Thomas W. Toolis, ("Toolis" or "Plaintiff"), by and through his undersigned attorneys, hereby files this MOTION TO VACATE DISMISSAL AND REQUEST FOR RELIEF UNDER RULE 60, an in support of said MOTION, states as follows:

## HISTORY

1. Plaintiff filed a First Amended Complaint on September 22, 2009.

2. Defendant filed a Motion to Dismiss on October 12, 2009.

3. Defendant filed a Notice of Motion and brought the Motion to Dismiss before the Court on October 20, 2009.

4. Due to clerical error, mistake, and inadvertence, Plaintiff's counsel was not aware of the hearing date. As a result, neither Plaintiff not Plaintiff's counsel appeared in Court on October 20, 2009. Moreover, even if the error had not occurred, Plaintiff's counsel had a conflict with case number 09 M6 002523, currently pending in Cook County Court.

5. As a result of Plaintiff's Counsel's failure to appear, the Court granted Defendant's Motion to Dismiss with Prejudice, denying Plaintiff the opportunity to respond to the Motion to Dismiss or amend the pleading to cure any deficiency.

6. During a routine review of the file on November 2, 2009, Plaintiff's counsel discovered that the Dismissal had been entered by the Court.

7. Plaintiff now brings this Motion to Vacate and Request for Relief Under Rule 60, and prays this honorable Court will Vacate the Dismissal entered on October 20, 2009.

1

## ARGUMENT

8. It is well known that a Court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. *See* Helm v Resolution Trust Corp; 161 F.R.D. 347, 350 (N.D.Ill.1995).

9. Federal Rule of Civil Procedure 60(b) states as follows (in part):

   On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   *See* Federal Rule of Civil Procedure 60(b)(1).

10. A district court's decision to grant or deny relief from a judgment of order under Rule 60(b)(1) may be reversed only for an abuse of discretion. *See* Helm, supra.

11. In Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court held that the determination of what amounts to "excusable neglect" under Rule 60(b) is at an *equitable* one, taking account of *all the relevant circumstances* surrounding the party's omission, including the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted within good faith. *See* Robb v. Norfolk & Western Ry. Co, 122 F.3d 354, 359 (7th Cir. 1997).

12. Moreover, a dismissal for want of prosecution may be vacated where the moving party:

   (1) acts with reasonable promptness;
   (2) alleges a meritorious defense or colorable claim; and
   (3) where the dismissal is not the result of willful disregard of the court's orders.

   *See* White v. United States Postal Serv., 1995 WL 59226 (N.D. Ill. Feb. 10, 1995) (citing Inryco, Inc. v. Metropolitan Engineering Co., 708 F.2d 1225, 1229-30 (7th Cir. 1995); *see also* Kur v. Fox Valley Press, Inc. 1996 WL 715543, (N.D. Ill. 1996).

13. In the instant matter, Plaintiff's counsel's failure to appear on October 20, 2009 was due to inadvertence and mistake, which should not result in dismissal of the claim with prejudice before Plaintiff has the opportunity to respond to Defendant's Motion to Dismiss. Such a result would be unduly harsh and prejudicial and should

2

be considered by this Court in determining whether or not to grant relief. *See* Robb, supra.

14. Moreover, Plaintiff's counsel has been present on prior Court dates and timely filed an Amended Complaint pursuant to previous Court Order, which includes several colorable claims. Nothing about the conduct of Plaintiff's counsel's actions in the case to date can be said to constitute bad faith or willful disregard of the Court's orders. Furthermore, upon learning of the dismissal, Plaintiff immediately files this Motion in order to promptly remedy the situation. As such, Plaintiff is entitled to have the dismissal vacated as Plaintiff has acted with promptness, presents a colorable claim, and the dismissal is not the result of willful disregard of the court's orders. *See* White, supra.

15. Due to a clerical error, the hearing date of October 20, 2009 was not placed on the calendar of Plaintiff's counsel. Plaintiff's counsel was scheduled to appear in Cook County Court on October 20, 2009 for hearing in case number 09 M6 002523. It is believed that the calendaring of the two events were confused by office staff and that office staff believed the Court date was placed in the calendar. *See* Affidavit of Christopher M. Jahnke.

16. Furthermore, Plaintiff's counsel was on a short vacation between the evening of October 15, 2009 and October 19, 2009. Thus, diminishing his ability to supervise accurate calendaring of the event.

17. On October 20, 2009, Plaintiff's Counsel did appear in Cook County Court in case number 09 M6 002523 at the exact time Defendant's Motion to Dismiss presented before this Court.

18. Taking account of *all the relevant circumstances,* including the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant acted within good faith, the Court should exercise its discretion and Vacate the Dismissal entered on October 20, 2009 and Grant Plaintiff relief under Rule 60(b). *See* Pioneer, supra; Robb, supra; Helm, supra; White, supra; *see also* Federal Rule of Civil Procedure 60(b)(1).

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order VACATING the dismissal entered on October 20, 2009.

By: /s/ Christopher M. Jahnke
Christopher M. Jahnke
Jahnke & Toolis, LLC
9031 W. 151st, Suite 203
Orland Park, Illinois 60462
Bar # 6294347

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| THOMAS W. TOOLIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Civil Action No: 09-cv-4302<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO VACATE**

This matter, coming on to be heard on Plaintiff's Motion to Vacate Dismissal and Request for Relief Under Rule 60, and this Court being fully advised on the premises,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate is GRANTED and that Dismissal entered October 20, 2009 be VACATED.

DATED this ___ day of _____, 2009.

 

                                                                          Robert W. Gettleman
                                                                          United States District Judge

Submitted by:

Christopher M. Jahnke
Jahnke & Toolis, LLC
9031 W. 151st, Suite 203
Orland Park, Illinois 60462
Bar # 6294347